UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>C. REIF, et al.,<br><br>Defendants. | No. 2:18-cv-01088 CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the motions to proceed in forma pauperis will be granted. ECF Nos. 7,8.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at California State Prison-Sacramento ("CSP-Sac"). The complaint names three correctional officers, one registered nurse, and Does 1-4 as defendants. ECF No. 1 at 1. The events alleged in the complaint were precipitated by plaintiff's placement on suicide watch on December 1,

2017. ECF No. 1 at 4. That same day correctional officers came to plaintiff's cell and told him that he had been cleared by the doctor to be returned to his previously assigned cell. ECF No. 1 at 6. While plaintiff was placed in a holding cage awaiting transport back to his normal cell, he informed prison staff that he was still feeling suicidal and did not want to go back to his normal cell. Id. at 7.

After an hour and a half, defendant S. Overby told plaintiff that the psychologist was not going to come see him until plaintiff returned to his normal cell. Id. When asked if he was ready to be transported, plaintiff showed defendants C. Reif and S. Overby his hands which were still in handcuffs in the holding cage. Once the holding cage door was opened, defendants C. Reif and S. Overby "immediately attacked" plaintiff and body-slammed him to the ground where his head hit first. ECF No. 1 at 8. Defendant Reif yelled at plaintiff to "get down" and then shouted "weapon" twice. Id. Reif then started punching plaintiff in his face, body and rib cage even though plaintiff was already on the ground, restrained in handcuffs, not resisting, and did not have a weapon. Id. Meanwhile, defendant S. Overby failed to intervene in order to protect plaintiff from defendant Reif's punches. Id. While plaintiff was on the ground being punched, he observed defendant S. Overby take "what appeared to be a manufactured weapon silver in color" and placed it on the ground near plaintiff. ECF No. 1 at 9. Defendant S. Overby then asked defendant J. Gomez to take control of plaintiff. EFC No. 1 at 9. Defendant S. Gomez then started punching plaintiff several times in the face as well as the lower body. Id. Plaintiff contends that these actions by the defendants did not serve a legitimate penological purpose. Id. at 13.

In his second claim, plaintiff alleges that defendant J. Overstreet, a registered nurse at the prison, conspired with the remaining defendants "by meeting and agreeing to aid in covering up the use of excessive force… by deliberately documenting on a CDCR 7219 medical report that plaintiff did not have any injuries…." ECF No. 1 at 12. Plaintiff was subsequently examined by a different nurse on December 12, 2017 who noted a "bruise/discolored area," a "cut/laceration/slash," jaw pain, and old healed scars to plaintiff's knee and ankle. ECF No. 1 at 22.

In his third claim, plaintiff challenges the conditions of his confinement after he was returned to his normal cell (B-7-109) on December 1, 2017. ECF No. 1 at 14. Plaintiff alleges that defendants C. Reif and J. Gomez failed to provide him with any clothes, bedding, toilet paper, property, personal care, or hygiene items for a period of five days. Id. Plaintiff told defendants C. Reif and J. Gomez that he was cold and needed clothing and bed linens, but was refused. Id. Plaintiff asserts that his mental health condition was exacerbated by these stark living conditions. Id. at 15.

By way of relief, plaintiff seeks compensatory and punitive damages. ECF No. 1 at 19. The complaint also seeks permanent injunctive relief that would require defendants and their successors to wear body cameras while on duty. Id.

The court notes in passing that while the allegations in the complaint concern the treatment of a mentally ill inmate, the complaint itself is well-written and concise because it was prepared by a jailhouse lawyer. See ECF No. 1 at 19.

### III. Analysis

Plaintiff's complaint states a cognizable claim for the excessive use of force under the Eighth Amendment and 28 U.S.C. § 1915A(b) against defendants C. Reif, S. Overby, and J. Gomez. The complaint also alleges a separate cognizable Eighth Amendment failure to protect claim against defendant S. Overby and an Eighth Amendment claim challenging the conditions of plaintiff's confinement against defendants C. Reif and J. Gomez. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

#### A. Doe Defendants

Plaintiff also identifies Does 1-4 as defendants in this action. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. Id. "While Doe pleading is disfavored, it is not prohibited in federal practice." Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not

served within 90 days of the complaint. See Fed. R. Civ. P. 4(m). Since the complaint alleges cognizable causes of action against the named defendants, plaintiff will have the opportunity to identify the names of any additional defendants through discovery, and to amend the complaint once the Doe defendants are identified.

**B. Conspiracy Claim**

In his second claim for relief, plaintiff alleges that defendant J. Overstreet, a registered nurse, engaged in a conspiracy to cover up the use of excessive force by falsifying a medical report on December 1, 2017. ECF No. 1 at 12. To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Id.

Here, plaintiff's allegations of defendant J. Overstreet's involvement in a conspiracy are entirely conclusory. Plaintiff does not allege any facts that would support an inference of an agreement between defendant J. Overstreet and the remaining defendants. Accordingly, the court finds that the allegations in the complaint fail to state a cognizable claim against defendant J. Overstreet.

### V. Leave to Amend

For the reasons set forth above, the court finds that the only cognizable claims in the complaint are an Eighth Amendment excessive force claim against defendants C. Reif, S. Overby and J. Gomez; an Eighth Amendment failure to protect claim against defendant S. Overby; and, an Eighth Amendment claim challenging his conditions of confinement against defendants C. Reif and J. Gomez. However, it appears that plaintiff may be able to allege facts to remedy the deficiencies with respect to the conspiracy claim against defendant J. Overstreet. Plaintiff will be given time to amend his complaint to cure this deficiency if he so chooses. Plaintiff is not required to file an amended complaint, and may instead choose to proceed with service of process on the Eighth Amendment claims against defendants C. Reif, S. Overby, and J. Gomez.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claims against defendants C. Reif, S. Overby, and J. Gomez, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will result in a recommendation that all the other claims against defendant J. Overstreet be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI. Motion to Proceed Without Inmate Grievance

On the same date that he filed the complaint, plaintiff also filed a motion to proceed without submitting a copy of his inmate grievance or 602 form. ECF No. 2. Plaintiff alleges that prison officials have improperly failed to process his inmate grievance to the third level of review and that, therefore, his administrative remedies should be deemed exhausted. Id. at 1-2.

The court will deny the motion as premature since exhaustion is an affirmative defense that defendants may raise in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).

### VII. Plain Language Summary for a Pro Se Litigant

Since you are acting as your own attorney in this case, the court wants to make sure that you understand this order. The following information is meant to explain this order in plain English and is not intended as legal advice.

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. Some of the allegations in the complaint state claims against the defendants and some do not. The Eighth Amendment claims against defendants C. Reif, S. Overby, and J. Gomez do state a claim for relief which can proceed. The claim against defendant J. Overstreet fails to allege a conspiracy in sufficient detail to go forward at this time. The court is granting you leave to amend the conspiracy claim against defendant J. Overstreet to try to fix this problem.

You can either (1) proceed immediately on your Eighth Amendment claims against defendants C. Reif, S. Overby, and J. Gomez; or (2) amend the complaint to fix your conspiracy claim against defendant J. Overstreet. If you want to go forward without amending the complaint, the undersigned will recommend dismissing the claim against defendant J. Overstreet.

If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. Any claims and information not in the first amended complaint will not be considered. You must complete the attached notification showing what you want to do next and return it to the court within twenty-one days from the date of this order. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis, ECF Nos. 7,8, are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to proceed without an inmate grievance, ECF No. 2, is denied as premature.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claim against defendants C. Reif, S. Overby, and J. Gomez, the Eighth Amendment failure to protect claim against defendant S. Overby, and the Eighth Amendment conditions of confinement claim against defendants C. Reif and J. Gomez. Plaintiff may, however, choose instead to amend the complaint to try to fix the deficiencies with the remaining conspiracy claim against defendant J. Overstreet.

/////
/////
/////
/////
/////
/////
/////

5. Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

Dated: June 15, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow1088.1.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. REIF, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-01088 CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment claims against C. Reif, S. Overby, and J. Gomez.

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

DATED:

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Plaintiff