UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, | No. 2:18-cv-01088 CKD P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| C. REIF, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Procedural History**

On June 15, 2018, this court screened plaintiff's complaint and found that it stated a cognizable excessive force claim under the Eighth Amendment against defendants C. Reif, S. Overby, and J. Gomez; a failure to protect claim against defendant S. Overby; and an Eighth Amendment claim challenging the conditions of plaintiff's confinement against defendants C. Reif and J. Gomez. ECF No. 13 at 5. The court found the remaining allegations against defendant J. Overstreet to be too vague and conclusory to state a claim for relief. Id. Plaintiff was ordered to advise the court whether he: 1) wanted to proceed immediately on his cognizable Eighth Amendment claims; or, 2) wanted time to file an amended complaint. Id. at 8-10.

1

On June 22, 2018 plaintiff indicated that he wanted time to file an amended complaint. See ECF No. 18. However, plaintiff then filed a "Notice Clarifying His Response" to the court's screening order indicating that he wants to voluntarily dismiss defendant J. Overstreet and to proceed immediately on his Eighth Amendment claims against C. Reif, S. Overby and J. Gomez. ECF No. 21 at 1-2. Based on plaintiff's June 25, 2018 notice, the court will order plaintiff to provide information to the court so that defendants C. Reif, S. Overby, and J. Gomez can be served with process. Additionally, the undersigned will recommend to the district judge assigned to this case that defendant J. Overstreet be dismissed without leave to amend for the reasons outlined in the June 15, 2018 screening order.

## II.  Motion for a Temporary Restraining Order/Preliminary Injunction

Before service of the complaint was affected on any defendant, the undersigned ordered the California Attorney General's Office to address plaintiff's pending motions for a preliminary injunction or a temporary restraining order. ECF Nos. 10, 12. Deputy Attorney General Sean Lodholz entered a special appearance in this action on June 26, 2018 in order to respond to plaintiff's motions for injunctive relief.[1] ECF No. 22. Plaintiff filed a third injunctive relief motion on August 8, 2018. ECF No. 26. Plaintiff filed a notice of change of address on August 21, 2018 indicating that he was transferred from California State Prison-Sacramento to Corcoran State Prison. ECF Nos. 29, 30.

In his June 4, 2018 motion for injunctive relief, plaintiff indicated that his life and safety were threatened because defendant C. Reif continued to work in the same prison unit where plaintiff is housed. See ECF No. 12 at 2-3. Plaintiff asserted that prison officials were spitting in his food, tampering with his mail, waking him up in the middle of the night, and threatening to beat him up. Id. at 2. As part of his requested relief, plaintiff asked the court to order him transferred to another prison's Enhanced Outpatient Program while his current lawsuit is pending. ECF No. 12 at 3.

---

[1] The court found that plaintiff's May 1, 2018 motion for a temporary restraining order failed to comply with Local Rule 231. See ECF No. 15 at 1. Accordingly, it was denied and is no longer pending. Id. The Attorney General was only ordered to respond to plaintiff's June 4, 2018 motion.

In his most recent request for a preliminary injunction, plaintiff continued to assert that his legal mail was being tampered with and his life was being threatened while an inmate at CSP-Sacramento. ECF No. 26 at 2-5. Attached to the motion was an affidavit purportedly signed by Inmate Earl Childs who stated that he was asked by Captain J. Schultz and other unidentified correctional officers at CSP-Sacramento to attack plaintiff, steal his legal work, and lie about him in order to get plaintiff issued with a false rules violation report ("RVR"). ECF No. 26 at 5-6.

In its response to plaintiff's request for injunctive relief, the Attorney General's Office confirmed that defendant C. Reif works in the prison unit where plaintiff was housed at CSP-Sacramento "on Mondays from 6 a.m. to 2 p.m." ECF No. 22-8 at ¶ 3 (Declaration of C. Reif). Defendant Reif denied threatening to harm plaintiff at any time. Id. at ¶ 10. The response further indicated that the majority of plaintiff's complaints concerned actions of non-party defendants at CSP-Sacramento. ECF No. 22 at 4-5.

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L.R. ("Local Rule") 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction, particularly where, as here, the motion has been served on the adverse party. See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents

the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

With respect to plaintiff's motions for injunctive relief against CDCR officials who are not defendants in this action, the undersigned recommends denying the motions based on lack of jurisdiction. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The only defendant whom plaintiff seeks to enjoin is defendant C. Reif. However, plaintiff is no longer housed at CSP-Sacramento where this defendant works. See ECF No. 29 (change of address). Therefore, plaintiff is no longer likely to suffer any irreparable harm in the absence of a preliminary injunction being issued. See Stormans, 586 F.3d at 1127. For all these reasons, the court recommends denying the motions for a preliminary injunction.

**III.     Motion for the Appointment of Counsel**

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970

(9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign this case to a district court judge.

2. Service is appropriate for the following defendants: C. Reif, S. Overby, and J. Gomez.

3. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 2 above; and

    d. Four copies of the complaint.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. Plaintiff's motion for the appointment of counsel (ECF No. 28) is denied without prejudice.

IT IS FURTHER RECOMMENDED that:

1. Defendant J. Overstreet be dismissed without leave to amend for the reasons set forth in the June 15, 2018 screening order (ECF No. 13).

2. Plaintiff's motions for a preliminary injunction and/or a temporary restraining order be denied (ECF Nos. 12, 26).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow1088.1+31.docx

<pre>
1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   RONNIE CHEROKEE BROWN,              No.  2:18-cv-01088 CKD P
12              Plaintiff,
13         v.                            NOTICE OF SUBMISSION OF
                                         DOCUMENTS
14   C. REIF, et al.,
15              Defendants.
16
17        Plaintiff submits the following documents in compliance with the court's order filed
18   _____:
19        ____      completed summons form
20        ____      completed USM-285 forms
21        ____      copies of the _____
                                     Complaint
22
23   DATED:
24
25                                          _____
                                                  Plaintiff
26
27
28
                                            1
</pre>