UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>C. REIF, et al.,<br><br>Defendants. | No. 2:18-cv-01088 KJM CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court are five separate motions for the court to contact the warden, a motion to amend plaintiff's August 8, 2018 motion for a preliminary injunction, a new motion for a preliminary injunction/temporary restraining order filed on October 25, 2018, and a second request for the appointment of counsel. ECF Nos. 34-38. The court will address each motion in turn.

I.    **Motions to Contact the Warden**

In each of his motions for the court to contact the warden, plaintiff complains that prison officials are interfering with his receipt of the court's orders. See ECF Nos. 34-36, 40, 42. Plaintiff requests another copy of the court's September 14, 2018 order since he did not receive the complete document. In response to plaintiff's first three motions, the court re-served him with

a copy of the September 14, 2018 Order and Findings and Recommendations as well as the service forms to be completed and returned to the court. Before he could receive these documents, however, plaintiff filed two more duplicative motions. ECF Nos. 40, 42.[1] In light of the re-service of the prior court order, all of plaintiff's motions for the court to contact the warden will be denied as moot. Additionally, plaintiff is advised that his thirty days to return the service forms did not commence until October 29, 2018 when the court re-served these documents on plaintiff. Therefore, plaintiff has until November 28, 2018 to complete and return these service documents to the court for defendants J. Gomez, S. Overby, and C. Reif.

## II. Motion to Amend Preliminary Injunction Motion

Plaintiff's October 24, 2018 motion to amend his motion for a preliminary injunction is nothing more than a duplicative motion for the court to contact the warden about interference with his legal mail. ECF No. 37. For the reasons explained above, this motion will also be denied as moot.

## III. Motion for Preliminary Injunction/Temporary Restraining Order

In his October 25, 2018 motion for a preliminary injunction and temporary restraining order, plaintiff alleges that "several correctional officers here at Corcoran State Prison has [sic] threaten[ed] my life several times telling me that if I do not drop my 1983 law suit I may be killed by my fellow-inmates…." ECF No. 38 at 2. Plaintiff then goes on to identify three specific prison guards at Corcoran State Prison who made these threats. Id. at 2-3. He also complains that two of these prison guards have spit in his food. Id. at 3. A fourth officer also threw away a pair of plaintiff's tennis shoes in alleged retaliation for the instant lawsuit. Id.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v.

---

[1] The court notes that the last two pages of the November 6, 2018 motion are a pleading involving a different prisoner in a different civil action. For this reason, the court has disregarded the last two pages. See ECF No. 42 at 8-9.

2

Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

With respect to plaintiff's new allegations of threats on his life by Corcoran prison guards, the undersigned recommends denying the motion for a preliminary injunction based on lack of jurisdiction. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). This court is unable to issue an order against non-parties to this action which would include Corcoran State Prison officials. Id.; see also ECF No. 31 at 4.

**IV.  Motion for the Appointment of Counsel**

Plaintiff filed a second request for the court to appoint counsel to represent him. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of

legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the court to contact the warden (ECF Nos. 34, 35, 36, 40, 42) are denied as moot.
2. Plaintiff's motion to amend his motion for a preliminary injunction (ECF No. 37) is also denied as moot.
3. Plaintiff's motion for the appointment of counsel (ECF No. 41) is denied without prejudice.
4. In light of plaintiff's history of filing repetitious motions, plaintiff shall hereinafter be limited to filing the following documents:
   a. One dispositive motion, limited to one memorandum of points and authorities in support of the motion and one reply to any opposition;
   b. One set of objections to these and any future findings and recommendations.
5. The failure to comply with this order shall result in improperly filed documents being stricken from the record and may result in a recommendation that this action be dismissed.
6. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any additional motions filed by plaintiff until the court has received the completed service forms for defendants C. Reif, S. Overby, and J. Gomez.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction and temporary restraining order (ECF No. 38) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

4

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 9, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow1088.tro#2.docx