UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE CHEROKEE BROWN,

Plaintiff,

v.

C. REIF, et al.,

Defendants.

No. 2:18-cv-01088 KJM CKD P

ORDER[1]

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, and is now back before this court on the magistrate judge's findings and recommendations to which plaintiff has responded and objected. *See* ECF Nos. 44, 46, 51.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The court writes separately to review relevant procedural history, to clarify the magistrate judge's citation to *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) and to address two issues plaintiff raises in his objections.

---

[1] The court understands the stay of this case entered by the magistrate judge applies to the parties' litigation of the case and does not operate to preclude this court's issuance of this order.

1

I. Procedural History

On June 4, 2018, plaintiff filed a motion for a preliminary injunction alleging defendant Reif was threatening his life and Reif and other defendants were retaliating against plaintiff in various ways for his having filed the instant suit. ECF No. 15. On June 15, 2018, the magistrate judge issued an order directing the government to respond to plaintiff's allegations, ECF No. 15, which it did, ECF No. 22. Then, on August 8, 2018, plaintiff filed a second motion for a preliminary injunction, alleging that certain officers at CSP-Sacramento were tampering with his legal mail and threatening his life while plaintiff was an inmate at CSP-Sacramento. ECF No. 26 at 2–5. He also filed a motion for appointment of counsel. ECF No. 28. On September 14, 2018, the magistrate judge filed findings and recommendations denying the request for counsel and recommending that both motions for preliminary injunctions be denied. ECF No. 31. In October 2018, plaintiff filed three motions requesting the court contact the prison warden, ECF Nos. 34–36, a motion to amend his motion for a preliminary injunction, ECF No. 37, and a third motion for a preliminary injunction, ECF No. 38. On November 9, 2018, the magistrate judge issued an order along with a second set of findings and recommendations; in her order she denied the motions to contact the warden, plaintiff's motion to amend the preliminary injunction motion, and plaintiff's request for counsel. ECF No. 44. In her findings and recommendations, the magistrate judge recommended that this court deny plaintiff's third motion for a preliminary injunction, which was essentially identical to his first and second motions. *Id.* at 2–3. Plaintiff has filed a "response" and an objection to the November 9 findings and recommendations. ECF Nos. 46, 51. In the interest of judicial economy, the court resolves here all three motions for a preliminary injunction, addressed in both the September 14, 2018 findings and the November 9, 2018 findings. ECF Nos. 31, 44.I.

II. *Zenith* Case

In her findings and recommendations, the magistrate judge cites to *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969), for the proposition that "[t]his court is unable to issue an order against individuals who are not parties to a suit pending before it." ECF No. 31 at 4:14; ECF No. 44 at 3:14. While a federal court could issue an injunction that

2

binds individuals who are not parties to the suit if those persons are "in active concert or participation with [those] who receive actual notice of the order by personal service or otherwise," *Zenith Radio Corp.*, 395 U.S. at 112 (quoting Fed. R. Civ. P. 65(d)), plaintiff here has not made a showing that the non-party CDCR officials who are the subject of his requested preliminary injunctions are "in active concert or participation," with the parties in this case, ECF No. 26 & 38.

III.     Response to Denial of Appointment of Counsel

In his "response" to the magistrate judge's November 9 findings and recommendations, ECF No. 46, plaintiff repeats his argument that he should be appointed counsel in light of his mental illness. ECF No. 46; *see also* ECF Nos. 28, 41. Because the magistrate judge has the authority in the first instance to resolve the request for counsel, the court construes plaintiff's response to her decision as a motion for reconsideration. *See* L.R. 303(c) ("Reconsideration by a District Judge"). Along with his response, plaintiff has filed a memorandum of points and authorities authored by the Federal Defender's office in plaintiff's habeas case, which summarizes but does not attach plaintiff's mental health records. ECF No. 46-1. According to this submission, plaintiff was diagnosed with schizoaffective disorder in December 2000. ECF No. 46-1 at 7. Based on the limited evidence presented to the court, plaintiff's mental illness appears severe. Id. However, as explained below, appointment of counsel is not yet warranted in this case, because the requisite "exceptional circumstances" are not present.

Upon a motion for reconsideration of a magistrate's determination of non-dispositive motions and other pretrial matters, a judge may modify or set aside any portion of the order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *See Avalos v. Foster Poultry Farms*, 798 F. Supp. 2d 1156, 1160 (E.D. Cal. 2011) (citing *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discretionary non-dispositive pre-trial matters by magistrate judge are reviewable for clear error)) (other citations omitted). Under this standard, "the district court can overturn the

3

magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997)). The "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *Id.* (citations omitted); *but see Grimes v. City & Cty. of San Francisco*, 951 F.2d at 241 ("Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination. . . .") (citation omitted).

As the magistrate judge explained, in exceptional circumstances, the court may request an attorney to voluntarily represent an indigent prisoner in a § 1983 case. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); s*ee also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Neither consideration is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The court finds that the magistrate judge's determination, resolving a mixed question of law and fact, is not "clearly erroneous or contrary to law." Plaintiff has not presented any evidence of his mental illness after February 2002, other than his own statements, so it is possible plaintiff's condition has improved in the past seventeen years. *See* ECF No. 46-1 at 7; *see also West v. Dizon*, No. 2:12-cv-1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (no extraordinary circumstances justifying appointment of counsel for inmate-plaintiff who merely alleged mental disability without any evidence detailing its nature or effects, and which inmate had surmounted with help of other inmates). Moreover, despite his alleged mental illness, plaintiff has adequately represented himself to date. *See Ordaz v. Tate*, No. 1:07-CV-00634-BLW, 2010 WL 3220359, at *1 (E.D. Cal. Aug. 10, 2010) (denying request for appointment of counsel because plaintiff's mental illness did not prevent him from adequately representing

4

himself, based on his previous filings); *see also Pattison v. Nevada*, No. 3:14-CV-00020-MMD, 2015 WL 4607642, at *2 (D. Nev. July 31, 2015) (denying appointment of counsel in part because "[p]laintiff ha[d] shown he is able to litigate this case on his own"). In addition, because defendants have not yet filed any substantive response to plaintiff's complaint, it is difficult for the court to determine the likelihood of plaintiff's success on the merits of his claims. *See Briggs v. Donahue*, No. CV05-85-S-BLW, 2005 WL 1787863, at *3 (D. Idaho July 26, 2005) (denying request for appointment of counsel in part because "[i]t is difficult to determine whether there is a likelihood of success on the merits of Plaintiff's claims" before defendant has had an opportunity to respond). For these reasons, the magistrate judge's decision not to appoint counsel is not "clearly erroneous or contrary to law." The court denies the request for reconsideration without prejudice.

IV. <u>Law Library Access</u>

Finally, in plaintiff's objections to the November 9 findings and recommendations, he states he is currently being denied all law library access. *See* ECF No. 51 at 1. "Prisoners have a constitutional right of access to courts guaranteed by the Fourteenth Amendment" *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994), *as amended* (Oct. 5, 1994) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). "Included within that right of access to courts is a prisoner's right of access to adequate law libraries or legal assistance from trained individuals." *Id.* Because plaintiff is not represented by counsel, his due process rights may be implicated if he is being denied access to the law library entirely. Accordingly, the court will direct Senior Supervising Deputy Attorney General Monica Anderson to address plaintiff's allegations concerning his lack of access to the law library at Corcoran State Prison.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 14, 2018 (ECF No. 31) and November 9, 2018 (ECF No. 44) are ADOPTED in full, with the above clarifications;

2. Defendant J. Overstreet is DISMISSED without leave to amend for the reasons set forth in the June 15, 2018 screening order (ECF No. 13);

/////

5

3. Plaintiff's response construed as a request for reconsideration is DENIED (ECF No. 46);

4. Plaintiff's motions for a preliminary injunction and/or a temporary restraining order are DENIED (ECF Nos. 12, 26, 38);

5. The clerk is DIRECTED to serve this order and a copy of plaintiff's objections (ECF No. 51) on Senior Supervising Deputy Attorney General Monica Anderson;

6. Within fourteen days from the date of this order, Senior Supervising Deputy Attorney General Monica Anderson shall address the law library access issue raised in plaintiff's objections; and

7. This case is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: February 28, 2019.

_____
UNITED STATES DISTRICT JUDGE