UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, | No. 2:18-cv-01088-KJM-CKD-P |
| Plaintiff, | |
| v. | ORDER |
| C. REIF, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Following this court's discovery and scheduling order issued on March 21, 2019, the parties have filed a total of seven pending motions. In an effort to focus on the pending dispositive summary judgment motions, the court will address the remaining ancillary issues by way of this order.

**I.     Defendants' Motion to Strike Plaintiff's Surreply (ECF No. 70)**

On March 26, 2019, defendants filed a motion to strike plaintiff's unauthorized opposition to defendants' answer because it was not permitted by the Federal Rules of Civil Procedure, the Local Rules, nor this court's November 9, 2018 Order which limited plaintiff's filings to one dispositive motion at a time. See ECF No. 44.

1

While the court agrees with defendants, filing a formal motion to strike this pleading is not only unnecessary, but counter-productive as it has the capacity to generate even more non-dispositive motions. See ECF No. 70 at 2 (advising plaintiff that he had 21 days to file an opposition or statement of non-opposition). The court has the *sua sponte* ability to manage its own docket. Accordingly, the court will grant defendant's motion to strike plaintiff's opposition to their answer filed on March 13, 2019.

**II.     Plaintiff's Motions for Summary Judgment (ECF Nos. 72, 77)**

Also pending before the court are plaintiff's two separate motions for summary judgment. The motions were filed on March 29, 2019 and April 8, 2019, respectively, and are largely duplicative of one another. See ECF Nos. 72, 77. Due to prior repetitious filings, plaintiff was limited to filing one dispositive motion at a time by order dated November 9, 2018. Plaintiff was cautioned that his failure to comply would result "in any improperly filed documents being stricken from the record and may result in a recommendation that this action be dismissed." ECF No. 44 at 4. In accordance with the November 9, 2018 order, plaintiff's second motion for summary judgment (ECF No. 77) is ordered stricken from the docket.

**III.    Defendants' Motion for a Protective Order (ECF No. 75)**

On April 4, 2019, defendants filed a motion for summary judgment as well as a motion for a protective order alleging that plaintiff had not properly exhausted his administrative remedies prior to filing the instant § 1983 lawsuit. ECF Nos. 74, 75. The motion for a protective order seeks a stay of any discovery unrelated to the issue of exhaustion pending the court's ruling on the summary judgment motion. Defendants assert that requiring them "to respond to non-exhaustion based discovery at this time would be unduly burdensome and would constitute a waste of scarce state resources." ECF No. 75-1 at 2. Defendants further contend that, if successful, their motion for summary judgment will resolve the case in its entirety thereby mooting the need for any additional discovery beyond the exhaustion issue. ECF No. 75-1 at 4.

A district court has broad discretion to stay discovery pending the resolution of a dispositive motion. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); see also Fed. R. Civ. P. 26(c). A two-pronged test is used to determine whether a protective order should issue

staying discovery. <u>Lowery v. F.A.A.</u>, 1994 WL 912632, *3 (E.D. Cal. 1994). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. <u>Id.</u> (citing <u>Panola</u>, 762 F.2d at 1560). Second, the court must determine whether the pending dispositive motion can be decided absent discovery. <u>See</u> <u>Lowery</u>, 1994 WL 912632 at *3. In this procedural context, the propriety of delaying discovery on the merits of the plaintiff's claims was explicitly recognized by the Ninth Circuit in <u>Albino v. Baca</u>, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), <u>cert.</u> <u>denied sub.</u> <u>nom.</u> <u>Scott v. Albino</u>, 135 S. Ct. 403 (2014).

Defendants' motion for a protective order satisfies all of the requirements for staying discovery on the merits of plaintiff's claims. First, their motion for summary judgment, if granted, is dispositive of the entire case. Second, any non-exhaustion based discovery is unnecessary for resolution of the pending dispositive motion. For these reasons, the court will grant defendants' motion for a protective order concerning any non-exhaustion based discovery.

**IV.     Plaintiff's Motion for an Extension of Time to File Opposition (ECF No. 82)**

Following submission of a response to defendants' summary judgment motion (ECF No. 80), plaintiff filed a motion requesting a 45-60 day extension of time to file another response. ECF No. 82. Plaintiff indicates that he needs this additional time in order to locate a jailhouse lawyer to assist him and to obtain his mental health and medical records to support the allegations in his complaint. ECF No. 82. In light of plaintiff's initial opposition (ECF No. 80), defendants' filed their reply on April 22, 2019. Therefore, defendants' summary judgment motion has been fully briefed by the parties. In light of this fact and in conjunction with this court's prior order limiting plaintiff's pleadings, the court will deny plaintiff's request for an extension of time to file a second response in opposition to defendants' summary judgment motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Strike (ECF No. 70) is granted.
2. The Clerk shall strike Plaintiff's Opposition to Defendants' Answer (ECF No. 64) and Plaintiff's Motion for Summary Judgment (ECF No. 77) from the docket since they were filed in violation of this court's order of November 9, 2018.

3. Defendants' motion for a protective order (ECF No. 75) is granted. All non-exhaustion based discovery in this matter, including discovery that has already been propounded, is stayed until the court rules on defendants' motion for summary judgment. The court will issue a modified discovery and scheduling order in the event that defendants' summary judgment motion is denied.

4. Plaintiff's motion for an extension of time to file an additional response to defendants' summary judgment motion (ECF No. 82) is denied.

Dated: April 24, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow1088.order.docx