UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, | No.  2:18-cv-01088-KJM-CKD-P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| C. REIF, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On June 15, 2018 the court screened plaintiff's complaint and found a cognizable claim for the excessive use of force against defendants Reif, Overby, and Gomez and a failure to protect claim against defendant Overby, all in violation of the Eighth Amendment.  ECF No. 13 at 4.  The court also found that the complaint stated a cognizable Eighth Amendment claim challenging the conditions of plaintiff's confinement against defendants Reif and Gomez.  Id.  All defendants were employed at California State Prison-Sacramento ("CSP-Sac") on December 1, 2017, the date of the allegations in the complaint.

Currently pending before the court are defendants' motion for summary judgment based on the plaintiff's failure to exhaust administrative remedies, plaintiff's motion for summary

////

1

judgment, and numerous ancillary motions filed by plaintiff.[1]  ECF No. 74.  The court will first

address plaintiff's pending motions which are not duplicative of those previously filed.  See ECF

No. 44 (limiting plaintiff to one dispositive motion at a time in light of plaintiff's history of filing

repetitious motions).  Next, the court will address defendants' motion for summary judgment

which has been fully briefed by the parties.  See ECF Nos. 80, 81, 88, 105.[2]  For the reasons

discussed below, the undersigned recommends granting defendants' motion for summary

judgment and denying plaintiff's motion as moot.

### I.    Plaintiff's Motion to Appoint Counsel

On August 21, 2019, plaintiff filed his seventh request for the appointment of counsel.  As

the court has previously informed plaintiff, district courts lack authority to require counsel to

represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily

represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017

(9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When

determining whether "exceptional circumstances" exist, the court must consider plaintiff's

likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

(9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to

meet his burden of demonstrating exceptional circumstances warranting the appointment of

counsel at this time.

---

[1] Plaintiff's motion for summary judgment is procedurally deficient as it does not include a
statement of undisputed facts, any supporting affidavits or declarations, and does not cite to
relevant portions of the record as required by Rule 56(c) of the Federal Rules of Civil Procedure.
See ECF No. 72.
[2] Plaintiff has filed several pleadings labeled as "opposition to defendants' summary judgment"
which the court has read and considered.

1       **II.    Plaintiff's Motion for a Preliminary Injunction**

2           Plaintiff filed his fifth motion for a preliminary injunction on June 6, 2019.  ECF No. 92.

3   Defendants filed their opposition one week later.  ECF No. 94.  On June 27, 2019, the court

4   ordered defendants to file a supplemental response in light of the seriousness of plaintiff's current

5   allegations against a named defendant in this action.[3]  ECF No. 97.  Defendants filed their

6   supplemental response on July 8, 2019.  ECF No. 99.

7           In his June 6, 2019 motion, plaintiff generally alleges that he fears for his safety because

8   the three defendants named in the instant lawsuit work in the building next to plaintiff's cell at

9   CSP-Sacramento.  ECF No. 92 at 2.  As a remedy, plaintiff requests to be transferred back to

10  Corcoran State Prison.  ECF No. 92 at 1-2.  On August 22, 2019, plaintiff filed a notice of change

11  of address with the court indicating that he had been transferred to Corcoran State Prison.  ECF

12  No. 109.

13          The undersigned recommends denying plaintiff's motion for a preliminary injunction as

14  moot since plaintiff has been transferred to Corcoran State Prison.  The defendants in this action

15  are no longer prison guards at the facility where he is housed.  As a result, plaintiff cannot

16  demonstrate any irreparable harm that will befall him in the absence of injunctive relief.

17  Accordingly, the motion should be denied as moot.

18      **III.   Summary Judgment Standards**

19          Summary judgment is appropriate when it is demonstrated that there "is no genuine

20  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

21  Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by

22  "citing to particular parts of materials in the record, including depositions, documents,

23  electronically stored information, affidavits or declarations, stipulations (including those made for

24  purposes of the motion only), admissions, interrogatory answers, or other materials...."  Fed. R.

25

26  [3] The court took the additional step of requiring defendants to respond to another motion for a
    preliminary injunction and a temporary restraining order filed by plaintiff on July 30, 2019.  See
27  ECF No. 103 (requiring a response within 14 days); ECF No. 104 (Opposition indicating that
    there was no use of force against plaintiff by any correctional officer at CSP-Sac on July 24, 2019
28  as alleged by plaintiff).

1    Civ. P. 56(c)(1)(A).

2         In the endeavor to establish the existence of a factual dispute, the opposing party need not

3    establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

4    dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

5    trial."  T.W. Elec. Serv., 809 F.2d at 631.  All reasonable inferences that may be drawn from the

6    facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475

7    U.S. at 587.

8         In a summary judgment motion for failure to exhaust administrative remedies, the

9    defendants have the initial burden to prove "that there was an available administrative remedy,

10   and that the prisoner did not exhaust that available remedy."  Albino, 747 F.3d at 1172.  If the

11   defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence

12   showing that there is something in his particular case that made the existing and generally

13   available administrative remedies effectively unavailable to him."  Id.  The ultimate burden of

14   proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment

15   should be denied, and the district judge rather than a jury should determine the facts."  Id. at

16   1166.

17        **IV.    Exhaustion Standard**

18        The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with

19   respect to prison conditions under section 1983 of this title, ... until such administrative remedies

20   as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner must exhaust his

21   administrative remedies before he commences suit.  McKinney v. Carey, 311 F.3d 1198, 1199–

22   1201 (9th Cir. 2002).  Compliance with this requirement is not achieved by satisfying the

23   exhaustion requirement during the course of a civil action.  See McKinney, 311 F.3d 1198 (9th

24   Cir. 2002).  Failure to comply with the PLRA's exhaustion requirement is an affirmative defense

25   that must be raised and proved by the defendant.  Jones v. Bock, 549 U.S. 199, 216 (2007).  In the

26   Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion

27   to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of

28   the complaint, or (2) a motion for summary judgment.  Albino v. Baca, 747 F.3d 1162, 1169 (9th

Cir. 2014) (en banc). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006).

In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5) (9th Cir. 1996)); Jones, 549 U.S. at 218. "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether the administrative remedies were properly exhausted, the motion for summary judgment must be denied. See Fed. R. Civ P. 56(a).

In the prison context, CDCR regulations provide three formal levels of review to address "any policy, decision, action, condition, or omission by the department or its staff that the inmate… can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a); see also Cal. Code Regs. tit. 15, §§ 3084.1-3085. An inmate appeal is initiated by submitting a CDCR Form 602 which describes "the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). The issue specified in the 602 Form is "addressed through all required levels of administrative review up to and including the third level. Cal. Code Regs. tit. 15, §§ 3084.1(b)-3084.2(a). First and second level appeals are submitted and reviewed by the appeals coordinator at the prison. Cal. Code Regs. tit. 15, § 3084.2(c). If a prisoner is dissatisfied with the second level response, he or she can mail a third level appeal to the Appeals Chief. Cal. Code Regs. tit. 15, § 3084.2(d)(3). Administrative

procedures generally are deemed exhausted once a plaintiff has received a third level review with

respect to his issue or claim. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d). An appeal may be

rejected or cancelled if it fails to comply with the regulations governing the appeal process, but

the inmate is provided the reason for the rejection as well as instructions on how to correct the

defect, if possible. See Cal. Code Regs. tit. 15, § 3084.6. California state prisoners are required

to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-

86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion

requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). When an inmate's administrative

grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as

"effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir.2010); see also Nunez v.

Duncan, 591 F.3d 1217, 1224–26 (9th Cir.2010) (warden's mistake rendered prisoner's

administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th

Cir.2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005)

(recognizing that "[d]elay in responding to a grievance, particularly a time-sensitive one, may

demonstrate that no administrative process is in fact available.").

When the district court concludes that the prisoner has not exhausted administrative

remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v.

Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by

Albino, 747 F.3d at 1168-69.

### V.      Defendant's Motion for Summary Judgment

With respect to plaintiff's Eighth Amendment claims, defendants argue that plaintiff did

not exhaust his administrative appeals through all three levels of review before filing the instant

lawsuit. ECF No. 74-2 at 6. Their motion details numerous administrative grievances that

plaintiff filed and pursued between December 1, 2017, the date of the allegations in the

complaint, and May 1, 2018, the date plaintiff filed the complaint. ECF No. 74-2 at 8-15.

However, defendants argue that these administrative grievances were either properly screened out

or not pursued through the third and final level of administrative review before plaintiff filed suit.

6

1    Defendants further assert that plaintiff never filed or exhausted an administrative appeal

2    concerning his conditions of confinement in December 2017. ECF No. 74-2 at 6, 19-20.

3    Additionally, defendants contend that plaintiff is not excused from the exhaustion requirement for

4    any reason. Id. at 19-21.

5          In his opposition, plaintiff concedes that he did not exhaust his administrative appeal at

6    the third and final level of review on his Eighth Amendment claims until after he filed his

7    complaint in this case. ECF No. 80 at 1. However, plaintiff counters that CDCR was obstructing

8    his efforts to properly exhaust his administrative remedies by holding his appeals and not

9    processing them. Id. In his "motion to proceed without [an] inmate grievance" filed on the same

10   day as the complaint, plaintiff further explains that the 602 grievance he filed on December 8,

11   2017 was not being processed at the third and final level of administrative review. ECF No. 2 at

12   2. Plaintiff argues that CDCR was interfering with the grievance process effectively rendering it

13   unavailable. ECF No. 2 (citing Andrews v. Marshall, 854 F.3d 1103, 1105 (9th Cir. 2017),

14   amended and superseded by 867 F.3d 1076 (9th Cir. 2017) (per curiam) (finding that "[w]hen

15   prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have

16   exhausted available administrative remedies. In such circumstances, prison officials have

17   'thwarted inmates from taking advantage of the grievance process; making that process

18   unavailable."). Also mentioned in the complaint, but never subsequently explained, is plaintiff's

19   alleged "fear[] of retaliation because of threats by defendants…." ECF No. 1 at 12.

20         While plaintiff is pro se, the court notes that his opposition does not comply with Local

21   Rule 260(b) because plaintiff did not file a separate document disputing defendants' statement of

22   undisputed facts.[4] The court is mindful of the Ninth Circuit's caution that district courts are to

23   "construe liberally motion papers and pleadings filed by pro se inmates and should avoid

24   applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir.

25   2010) (citation omitted). Accordingly, the court considers the record in its entirety despite

26

27   _____
     [4] Plaintiff's pleadings focus on the affidavits from other prisoners concerning the events of
     December 1, 2017, but they do not address whether plaintiff exhausted his administrative appeals
28   prior to filing the instant lawsuit. See ECF No. 80 ag 3-4.

plaintiff's failure to be in strict compliance with the applicable rules.[5]  However, only those

assertions in the opposition which have evidentiary support in the record will be considered.

By way of reply, defendants emphasize that the "undisputed facts demonstrate that Brown

filed suit before receiving a third level decision on the appeal concerning his excessive force and

failure to intervene allegations…, and that he never filed an appeal through the initial levels of

review concerning his conditions of confinement allegations." ECF No. 81 at 1.  In response to

plaintiff's argument that exhaustion should be excused in his case, defendants counter that

plaintiff was correctly advised of the need to pursue the allegations in this case through the third

level of administrative review and the applicable time frames and procedural rules for doing so.

ECF No. 81 at 4.  Plaintiff's numerous administrative grievances failed to comply with these rules

and timeframes.  Id.

In an unauthorized sur-reply, plaintiff indicates that he first attempted to file a 602

grievance concerning the excessive force claim on December 9, 2017, but it "disappeared and

was never answered." ECF No. 88 at 1-2.[6]  He subsequently filed a "2nd 602 appeal[] [on]

January 2, 2018 for excessive force…." Id. at 2.  Plaintiff argues generally that the exhaustion of

his administrative remedies was obstructed by state officials.  ECF No. 88 at 3.

**VI.      Undisputed Material Facts**

The CDCR Office of Appeals ("OOA") receives, reviews, and maintains all non-medical

related inmate grievances at the third and final level of administrative review.  Defendants'

Separate Statement of Undisputed Facts in Support of Motion for Summary Judgment ("DSUF")

at ¶ 12.  A request for the institution to modify or amend an appeal from the third level of

administrative review does not exhaust the appeal.  DSUF at ¶ 13.  The inmate is still required to

appeal any modified or amended decision to the third level of administrative review once the

amended response from the inmate's institution is received.  ECF No. 74-17 at ¶ 4 (Declaration of

M. Voong).

---

[5] The court has also read and considered plaintiff's exhibits regarding exhaustion of
administrative remedies filed on July 23, 2018, a full eight months before defendants' summary
judgment motion was even filed.  ECF No. 24.
[6] This opposition was not signed under penalty of perjury.

8

1    Between December 2017 and May 1, 2018, plaintiff submitted fourteen non-medical

2    appeals to CSP-Sac's appeals office that were accepted for review.  ECF No. 74-4 at ¶ 9 (S.

3    Boxall Declaration); ECF No. 74-5 at 22-25 (Inmate/Parolee Appeals Tracking System -I & II

4    printout).  The appeals related to the allegations in plaintiff's complaint are discussed in more

5    detail below.

6    **Appeal Log Number SAC-B-17-04677:**

7    Plaintiff submitted Appeal Log Number SAC-B-17-04677 on December 12, 2017 alleging

8    that a correctional officer had thrown him to the ground and placed an inmate manufactured knife

9    on the ground near him.  DSUF ¶ 17.  Nowhere in this appeal did plaintiff state that he was

10   denied all necessities for a period of five days following the incident.  Id.  This appeal bypassed

11   the first level of administrative review and was elevated to the second level of formal review.

12   DSUF ¶ 18.  The appeal was partially granted on January 26, 2018 in that the Hiring Authority

13   conducted an appeal inquiry by interviewing defendants Overby and Reif as well as Sergeant

14   Vitale.  DSUF ¶ 18.

15   On February 14, 2018, plaintiff appealed this grievance to the Office of Appeals or

16   "OOA."  ECF No. 74-6 at 6; ECF No. 74-17 at 1 (Declaration of M. Voong); DSUF ¶ 19.  The

17   OOA returned the appeal to CSP-Sac on February 28, 2018 in order to obtain additional

18   information.  DSUF ¶ 19.  As part of the additional information requested, Officers Nieto,

19   Gomez, and Lieutenant Mayhew were all interviewed.  DSUF ¶ 20.  Plaintiff was sent a letter on

20   this same day indicating that he would receive an amended response within 30 working days.  Id.

21   On March 26, 2018 an amended second level response was completed partially granting Appeal

22   Log Number SAC-B-17-04677.  DSUF ¶ 20.  The amended response instructed plaintiff that if he

23   "wish[ed] to appeal the decision, [he] must submit [his] staff complaint appeal through all levels

24   of appeal review up to, and including the Secretary's Level of Review.  Once a decision has been

25   rendered at the Third Level [his] administrative remedies will be considered exhausted."  DSUF ¶

26   20.

27   Plaintiff submitted Appeal Log Number SAC-B-17-04677 to the third level of review on

28   or about April 10, 2018.  DSUF ¶ 21.  OOA rejected the appeal on May 18, 2018 informing

plaintiff that he was missing CDCR Form 1858, the Rights and Responsibilities Statement.

DSUF ¶ 22. On May 23, 2018, plaintiff resubmitted this appeal to the third level of review and

included a signed CDCR Form 1858. DSUF ¶ 22. In August 2018 the OOA forwarded Appeal

Log Number SAC-B-17-04677 back to the appeals office at CSP-Sac for a second time in order

to make modifications to certain internal confidential documentation related to the Institutional

Executive Review Committee (IERC). DSUF ¶ 22. Plaintiff was notified of this action and

informed that "[i]f you have not received the original appeal and notification of the further action

taken within 30 working days, you may file an appeal on the inaction with the institution." DSUF

¶ 22; ECF No. 74-6 at 8. On or about February 5, 2019, plaintiff was provided an amended

second level response to Appeal Log Number SAC-B-17-04677 indicating that the IERC

concluded that "staff's actions were in compliance with policies, procedure and training." DSUF

¶ 23; ECF No. 74-6 at 2-3. Plaintiff was informed that "[i]f you wish to appeal the decision, you

must submit your staff complaint appeal through all levels of appeal review up to, and including,

the Secretary's Level of Review. Once a decision has been rendered at the Third Level, your

administrative remedies will be considered exhausted." DSUF ¶ 23; ECF No. 74-6 at 3. Plaintiff

took no further action regarding this appeal. DSUF ¶ 24.

**Rejected, Cancelled or Duplicative Appeals:**

Rejection or cancellation of an appeal does not exhaust an inmate's administrative

remedies. ECF No. 74-4 at ¶ 8; ECF No. 74-17 at ¶ 4. Between December 2017 and May 1,

2018 plaintiff submitted multiple appeals that were rejected or cancelled based on plaintiff's

failure to properly submit them. DSUF at ¶ 16. Each time an appeal was rejected, plaintiff was

instructed on how to correct the issue. DSUF at ¶ 16. Defendants concede that CSP-Sac, the

prison where plaintiff was housed at all relevant times, "does not always keep copies of rejected

inmate appeal forms." ECF No. 74-4 at ¶ 8 (Declaration of S. Boxall).

**-Appeal Log Number SAC-17-04668**

This appeal concerned events that occurred on December 1, 2017 in which plaintiff

alleged that defendants Overby and Reif planted an inmate manufactured weapon on him and

charged him with a false Rules Violation Report ("RVR"). DSUF ¶ 25. This appeal was rejected

on December 19, 2017 at the first level of administrative review because plaintiff had exceeded

the allowable number of appeals filed in a 14 calendar day period in violation of Cal. Code Regs.

tit. 15, § 3084.1(f). DSUF ¶ 25. Plaintiff was advised that he could submit this appeal on or after

January 2, 2018. Id. Plaintiff re-submitted this appeal as instructed but it was cancelled on

January 5, 2018 because it duplicated his grievance in Appeal Log Number SAC-B-17-04677.[7]

DSUF ¶ 25. On or about May 1, 2018, plaintiff filed this appeal at the third level of formal

review. DSUF ¶ 26. It was screened out on June 4, 2018 because plaintiff was attempting to

submit an appeal that had been cancelled at a lower level of review. Id.; ECF No. 74-17 at 8

(Inmate/Parolee Appeals Tracking System – Level III). As a result, this appeal was not accepted

at any level of review. Id.

**-Appeal Log Number SAC-B-18-01047**

The appeals office at CSP-Sac received this appeal on February 23, 2018 in which

plaintiff was attempting to appeal the cancellation of Appeal Log Number SAC-B-17-04668

concerning his excessive force allegations. DSUF ¶ 33. On March 16, 2018, the appeals office

cancelled SAC-B-18-01047 as duplicative of SAC-B-17-04677. DSUF ¶ 33. In said cancellation

notice, plaintiff was informed that Appeal Log Number SAC-B-17-04677 was awaiting

amendment at the second level of administrative review, and that if he was still dissatisfied once

he received the amended response, he could resubmit the cancellation of Appeal Log Number

SAC-B-17-04668. DSUF ¶ 33. Appeal Log Number SAC-B-18-01047 was not accepted at any

level of review. Id.

**-Appeal Log Number SAC-B-17-04669**

This appeal was submitted on December 6, 2017 and concerned plaintiff's Eighth

Amendment claims arising from the December 1, 2017 incident. DSUF ¶ 27; ECF No. 74-5 at

54. It was rejected on December 19, 2017 at the first level of administrative review because

---

[7] Plaintiff submitted an inquiry about the cancellation asking whether he would be able to exhaust the issues raised by appealing the cancellation or through Appeal Log Number SAC-B-17-04677. DSUF ¶ 25. On March 9, 2018 the CSP-Sac appeals office responded by informing plaintiff that he would be provided the opportunity to exhaust his administrative remedies on the staff complaint issue stemming from December 1, 2017 in Appeal Log No. SAC-B-17-04677. Id.

1  plaintiff exceeded the maximum allowable number of appeals in a 14 day period in violation of

2  Cal. Code Regs. tit. 15, § 3084.1(f). DSUF ¶ 27. Plaintiff was advised that he could resubmit the

3  appeal on or after January 2, 2018, but he took no further action. Id. This appeal was not

4  accepted at any level of administrative review. DSUF ¶ 27.

5          **-Appeal Log Number SAC-P-18-00602**

6          On January 2, 2018 plaintiff submitted a 602 grievance challenging the rules violation

7  report ("RVR") that he was issued on December 1, 2017 as well as "excessive force." ECF No.

8  74-8 at 2-6. He requested dismissal of the RVR, $613,000 in monetary damages, and the firing of

9  the 3 officers involved in the excessive force incident. Id. The first level of administrative

10  review of this grievance was bypassed. Id. at 2. It was rejected at the second level of review

11  because plaintiff attached multiple duplicate forms and because the staff complaint concerning

12  excessive force "was duplicative to an issue addressed in staff complaint log # SAC-B-17-

13  04677." DSUF at ¶ 30; ECF No. 74-8 at 19. Plaintiff resubmitted the appeal without extra pages

14  and with the explanation that "[t]his 602 is not a duplicate…, its more detailed and [more] staff

15  added…." DSUF ¶ 30. This appeal was then accepted at the second level of administrative

16  review on March 6, 2018 and denied on April 4, 2018. Id.; ECF No. 74-8 at 20-22. In the denial

17  letter, plaintiff was specifically advised that review was limited to the RVR issue only because

18  the staff complaint issue was already being addressed in Appeal Log Number SAC-B-17-04677.

19  Id. On April 18, 2018 plaintiff's appeal of this grievance was accepted at the third level of

20  review. DSUF ¶ 31; ECF No. 74-17 at 7. OOA denied the appeal on July 12, 2018 finding no

21  due process violation resulting from the December 1, 2017 RVR. DSUF ¶ 31; ECF No. 74-17 at

22  65-66.

23          **-Appeal Log Number SAC-B-18-00769**

24          Plaintiff submitted this appeal on February 14, 2018 concerning the Eighth Amendment

25  claims that occurred on December 1, 2017. ECF No. 74-8 at 31-35. This appeal bypassed the

26  first level of administrative review and was cancelled at the second level of review on March 9,

27  2018 because the appeal was a duplicate of Appeal Log Number SAC-B-04677. DSUF ¶ 32. As

28  a result, this appeal was not accepted at any level of review. Id.

12

As part of the cancellation notice of this appeal, plaintiff was informed that Appeal Log Number SAC-B-17-04677 was currently being amended at the second level of review. DSUF ¶ 32. Plaintiff was further instructed that if he was dissatisfied after receiving the amended second level appeal back, he could "forward that appeal to the Office of Appeals for Third Level processing." ECF No. 74-8 at 29; DSUF ¶ 32.

**-Appeal Log Number SAC-B-18-01788**

This appeal which concerned plaintiff's Eighth Amendment claims from December 1, 2017 was filed on April 23, 2018. ECF No. 74-9 at 3-6; DSUF ¶ 34. It was cancelled at the first level of review on April 26, 2018 because it duplicated Appeal Log Number SAC-B-17-04677. DSUF ¶ 34. Plaintiff resubmitted this appeal again and was notified via a letter dated May 15, 2018 that he could not submit an appeal on an issue that had already been cancelled. DSUF ¶ 34; ECF No. 74-9 at 8. Plaintiff was instructed that if he disagreed with the cancellation decision then he could submit a new appeal explaining why the cancellation was in error. Id. This appeal was not accepted at any level of administrative review. DSUF ¶ 34.

As part of the May 15, 2018 screen out of this appeal, plaintiff was provided another courtesy copy of the second level appeal decision in SAC-B-17-04677 that was dated March 26, 2018 and explained to plaintiff on April 6, 2018. ECF No. 74-9 at 8, 15-19; DSUF ¶ 34. Plaintiff was instructed that if he was dissatisfied with this appeal resolution he should follow the instructions "in Section F of the Form 602." ECF No. 74-9 at 8. Appeal Log Number SAC-B-18-01788 was not accepted at any level of review. DSUF ¶ 34.

**-Appeal Log Number SAC-B-18-00333**

On January 17, 2018, the CSP-Sac appeals office received Appeal Log Number SAC-B-18-00333 from plaintiff concerning alleged missing property resulting from a December 29, 2017 cell search conducted by Officers Bartlett and Brennfleck. DSUF ¶ 28. When interviewed on February 5, 2018 plaintiff changed the date of the search to December 1, 2017. DSUF ¶ 28. This appeal was denied at the first level of administrative review on February 11, 2018. Id. Plaintiff appealed to the second level of formal review on February 20, 2018 and complained that he was "placed in Cell 109 buttnaked for 3 days after he was beaten up…" on December 1, 2017. DSUF

¶ 28; ECF No. 74-7 at 15.  This second level grievance was rejected on March 12, 2018 because plaintiff introduced new and duplicate issues.  Id.  Plaintiff was informed that the "new issues will need to be submitted separately time [constraints] permitting."  ECF No. 74-7 at 11.  The CSP-Sac appeals office further instructed plaintiff to cross out the new issues on his 602 form and resubmit his appeal to the second level of administrative review in order to focus on the property issue being grieved.  Id.; DSUF ¶ 28.  Plaintiff followed these instructions by crossing out the area requested and returned the appeal to the second level of formal review.  DSUF ¶ 28; ECF No. 74-7 at 33.  This appeal was denied on April 30, 2018 and plaintiff took no further action. DSUF ¶ 28.

Plaintiff did not submit another appeal concerning his conditions of confinement in December 2017 involving defendants Reif and Gomez.  DSUF ¶ 29.

**VII.    Analysis**

Plaintiff commenced this lawsuit on May 1, 2018.[8]  ECF No. 1.  Therefore, the court must determine whether plaintiff exhausted his administrative remedies regarding all three of his claims prior to that date, and if not, whether plaintiff may be excused from the pre-filing exhaustion requirement.  See Sapp v. Kimbrell, 623 F.3d 813, 823–24 (9th Cir. 2010).  The court will address the exhaustion issue with respect to his conditions of confinement claim first, and then the remaining Eighth Amendment claims.

**A.    Conditions of Confinement Claim**

The undisputed material facts demonstrate that plaintiff's only attempt to exhaust his administrative remedies concerning his conditions of confinement in December 2017 was Appeal Log Number SAC-B-18-00333.  Plaintiff's second level appeal of this grievance filed on or about March 20, 2018 was the first time that he mentioned being placed in a cell naked for three days. Since he did not include this information in his first level appeal,  plaintiff was instructed that he could appeal this new issue via a separate appeal if time permitted.  Following the denial of this

---

[8] The complaint was filed electronically from CSP-Sac.  ECF No. 1 at 1 (indicating that plaintiff's complaint was scanned at CDCR and e-mailed on May 1, 2018.  As a result, the prison mailbox rule does not apply to this initial filing.

14

second level appeal on April 30, 2018, plaintiff filed the instant civil rights lawsuit and did not

pursue his administrative remedies at all three levels.  Plaintiff does not dispute this fact.

Accordingly, defendants have met their burden of demonstrating plaintiff's non-exhaustion of his

conditions of confinement claim prior to filing suit.  Albino v. Baca, 747 F.3d 1162, 1166 (9th

Cir. 2014).

        To the extent that plaintiff asserts that he failed to exhaust his administrative remedies

because of a fear of retaliation by defendants, this conclusory assertion is not supported by any

evidence in the record even after the court ordered defendants to file multiple responses to the

plaintiff's motions for a temporary injunction.[9]  As a result, the undersigned finds that plaintiff

has failed to meet his burden of demonstrating the unavailability of administrative remedies.  See

Albino, 747 F.3d at 1166.  For all these reasons, the undersigned recommends granting

defendants' motion for summary judgment based on plaintiff's failure to exhaust his

administrative remedies on the conditions of confinement claim.

### B.  Eighth Amendment Excessive Force and Failure to Protect Claims

        In order to meet their initial burden as the moving party, defendants need only show "that

there was an available administrative remedy, and that the prisoner did not exhaust that available

remedy."  Albino, 747 F.3d at 1172.  Defendants' undisputed evidence establishes that plaintiff

filed an appeal at the first level of administrative review on December 12, 2017 in Appeal Log

Number SAC-B-17-04677 and never completed the third level of review of this grievance before

filing the instant lawsuit, or, even thereafter.  Moreover, plaintiff has conceded that he did not

exhaust his administrative remedies prior to filing suit as required by the PLRA.[10]  ECF No. 2, 80,

88 at 4.  Therefore, defendants have met their initial burden of demonstrating plaintiff's non-

exhaustion prior to filing suit.  Consequently, the burden shifts to plaintiff to come forward with

evidence "showing that there is something in his particular case that made the existing and

---

[9] The court makes the same finding with respect to the exhaustion of plaintiff's Eighth
Amendment claims.

[10] On the complaint form filed in this case, plaintiff checked boxes indicating that administrative
remedies were available at his institution; that he had filed a request for administrative relief; but,
had not appealed to the highest level.  ECF No. 1 at 3,

1  generally available administrative remedies effectively unavailable to him." Id.

2  Plaintiff argues that his administrative remedies were effectively unavailable because the

3  responses were being purposely delayed and his attempts to exhaust were being improperly

4  rejected or cancelled.  The Ninth Circuit has recognized that administrative remedies may be

5  rendered effectively unavailable if prison officials improperly screen out an inmate appeal.  Sapp,

6  623 F.3d at 822–23.  To satisfy this exception to the exhaustion requirement, a plaintiff must

7  show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of

8  administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal

9  court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent

10  with or unsupported by applicable regulations."  Id. at 823–24.

11  Construing the evidence presented on summary judgment in the light most favorable to

12  plaintiff, there is no genuine dispute as to any material fact with respect to his pre-suit exhaustion.

13  Even assuming that Appeal Log Numbers SAC-17-04668 and SAC-P-18-00602 would have

14  sufficed to exhaust his Eighth Amendment claims and further assuming that they were improperly

15  screened out at the third level of administrative review, plaintiff did not receive the responses to

16  these appeals until June 4, 2018 and July 12, 2018, after he had already filed the instant § 1983

17  suit.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  At most, plaintiff's evidence

18  demonstrates a delay in processing his second level of review in Appeal Log Number SAC-B-17-

19  04677 based on requests for additional information.  However, the undersigned does not find that

20  this rendered his administrative remedies effectively unavailable.  See Brown v. Valoff, 422 F.3d

21  940, 942 (9th Cir. 2005).  These delays were attributable to requests for additional staff

22  interviews and internal confidential documentation.

23  Moreover, the record plainly shows that administrative remedies were available to

24  plaintiff and that he used them repeatedly to file duplicative appeals concerning the Eighth

25  Amendment allegations at issue in the present case.  Plaintiff simply failed to wait for a response

26  to Appeal Log Number SAC-B-17-04677 at the second level of administrative review before

27  filing the present lawsuit, much less properly exhaust said grievance by appealing to the third

28  ////

1    level of administrative review.[11]  While the court is cognizant that time passes slower in a

2    correctional setting, this does not justify bypassing available administrative remedies and

3    prematurely filing suit in federal court.  See 42 U.S.C. § 1997e(a).  Even though staff misconduct

4    claims such as the excessive force allegations in the present case may take longer to exhaust, the

5    Ninth Circuit Court of Appeal has concluded that an inmate is still required to wait until the

6    administrative investigation of such allegations is complete before filing a federal civil rights

7    lawsuit.  Brown v. Valoff, 422 F.3d 940, 942 (9th Cir. 2005) (concluding that inmate Brown fully

8    exhausted all available administrative remedies because he waited for a response from the

9    California Office of the Inspector General concerning his staff complaint before filing his federal

10    lawsuit) (finding that inmate Hall had not exhausted his administrative remedies prior to filing his

11    § 1983 lawsuit in "June 1999, before the staff complaint investigation was completed on

12    November 2, 2000, and before he was notified on July 2, 2001 that 'the findings of said

13    allegations were partially sustained.'").  In this case, the undersigned finds that prison

14    administrators did not thwart plaintiff's ability to take "advantage of a grievance process through

15    machination, misrepresentation, or intimidation."  Ross v. Blake, 136 S. Ct. at 159-60.  After

16    appealing to the third level of administrative review, Appeal Log Number SAC-B-17-04677 was

17    returned to the second level of administrative review on two separate occasions for additional

18    staff interviews as well as modifications of internal confidential documentation.  Following

19    receipt of two amended second level appeal responses, plaintiff was instructed that if he was still

20    dissatisfied he could appeal to the third level of appeal in order to fully exhaust his administrative

21    remedies.  This does not demonstrate an attempt to misrepresent or actively thwart the

22    administrative grievance process available at CSP-Sac.

23         Thus, it remains undisputed that administrative remedies remained available to plaintiff

24    and were unexhausted prior to his filing of this lawsuit.  Accordingly, the undersigned

25    recommends granting defendants' motion for summary judgment on this basis.  See McKinney v.

26

27    [11] A cursory review of the docket in this case reveals plaintiff's same habit of filing repetitive and
duplicative motions for relief before the court can even rule on a pending motion.  See ECF No.

28    44.

Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit."); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (dismissal is appropriate for a suit that begins too soon, even when administrative remedies are exhausted during the course of the litigation).  In light of this recommendation, the undersigned further recommends denying plaintiff's motion for summary judgment as moot.

### VIII.   Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing all of the arguments and exhibits filed in connection with defendants' motion for summary judgment, the magistrate judge has concluded that at the time you filed this lawsuit you were still exhausting your administrative remedies at the prison.  The federal statute called the Prison Litigation Reform Act requires that all administrative remedies be exhausted prior to filing a civil rights lawsuit in federal court.  As a result, the magistrate judge is recommending that defendants' motion for summary judgment be granted and that your case be dismissed without prejudice.  If adopted by the district court judge assigned to your case, this means that your case will be closed and there will be no trial.

You have fourteen days to explain to the court why this is not the correct outcome in your case.  If you choose to do this you should label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your case will review any objections that are filed and will make a final decision on the motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Clerk of Court shall strike the following docket entries filed in violation of this Court's November 9, 2018 order:  ECF Nos. 98, 102, 106 and 107.

2.   Plaintiff's motion for an order to show cause (ECF No. 102) is denied.

3.   Plaintiff's motion for the appointment of counsel (ECF No. 107) is denied without prejudice.

18

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's motion for a preliminary injunction (ECF No. 92) be denied as moot;

2.  Defendants' motion for summary judgment (ECF No. 74) be granted;

3.  Plaintiff's motion for summary judgment (ECF No. 72) be denied as moot; and,

4.  Plaintiff's complaint be dismissed without prejudice for failing to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 9, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow1088.msj+tro.docx