UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, | No. 2:18-cv-01088-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| C. REIF, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 9, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

/////

1

The court notes plaintiff's objection that several of his appeals were either rejected or cancelled. Objs., ECF No. 111 at 1–2. It is the case that several rejected or cancelled appeals were merged with appeal number -04677[1] and noted in response letters. ECF No. 74-5 at 28 (appeal -04668 canceled as duplicative of pending appeal -04677); ECF No. 74-8 at 19 (appeal -00602 rejected as duplicative of -04677), 29 (appeal -00769 cancelled as duplicative of -04677), 41 (noting appeal -04668 cancelled as duplicative of -04677); ECF No. 74-9 at 2 (appeal -01788 cancelled as duplicative of -04677), 8 (appeal -01788 cancelled again). After appeal -04677 was sent back to the second level of review and then partially granted at the second level, plaintiff failed to appeal further. The response letter sent to plaintiff advised him that he must submit to all levels of appeal review, including the Secretary's Level of Review. ECF No. 74-6 at 13–14 (March 26, 2018 letter regarding Second Level Response advising plaintiff that to appeal the decision he must submit the complaint through all three levels of appeal). Given this record, petitioner failed to exhaust administrative remedies before filing his complaint.

Relatedly, the court addresses plaintiff's motion for a preliminary injunction and temporary restraining order filed on November 20, 2019, requesting transfer to "A" Facility of the prison in which he is incarcerated. Mot. for Prelim. Inj., ECF No. 112, at 3. The court ordered the government to respond to this motion, which it did, explaining plaintiff was transferred to A Facility on November 21, 2019. Opp'n, ECF No. 114 (citing Kraemer Decl. ¶ 4; Overby Decl. ¶ 15). In light of this representation and the supporting declarations, the court finds plaintiff's motion for a preliminary injunction is MOOT and will therefore be DENIED.

Since filing the motion for a preliminary injunction, plaintiff has also filed two motions to appoint counsel, ECF Nos. 115, 118, and a motion for summary judgment, ECF No. 117. For the same reasons the magistrate judge provided in denying plaintiff's first motion for appoint of counsel, ECF No. 107, plaintiff's second two motions to appoint counsel are

---

[1] The court notes the following corrections to portions of the record cited in the findings and recommendations: The record reflects that appeal -04677 was partially granted on January 14, 2018, not January 26, 2018. *See* Findings at 9:12; ECF No. 74-6 at 34. Additionally, plaintiff filed the second level appeal of his grievance in appeal -00333 on February 20, 2018, not March 20, 2018. *See* Findings at 14:23; ECF No. 74-7 at 31.

hereby DENIED. *See* Findings at 2 ("Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.").

Plaintiff's motion for summary judgment contains many of the same arguments regarding exhaustion that plaintiff makes in his opposition to defendant's motion for summary judgment addressed above. While plaintiff argues he feared retaliation and that is why he did not appeal -04677 the last time, the fact that plaintiff filed other appeals before and after the incident that were reviewed by prison officials weighs against finding plaintiff was subjected to a threat that would deter a person of ordinary firmness, as required here. *See McBride v. Lopez,* 807 F.3d 982, 987 (9th Cir. 2015) (to succeed, plaintiff would have to show: "(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust."). In any event, because the record supports finding it is undisputed that plaintiff has not yet exhausted his administrative remedies, plaintiff's motion for summary judgment is DENIED.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 9, 2019, are adopted in full, with the clarifications above;

2. Plaintiff's remaining motions for appointment of counsel (ECF Nos. 1115, 118) are denied;

3. Plaintiff's motion for a preliminary injunction (ECF No. 92) is denied as moot;

4. Defendants' motion for summary judgment (ECF No. 74) is granted;

5. Plaintiff's motions for summary judgment (ECF No. 72, 116) are denied as moot;

6. Plaintiff's motion for a preliminary injunction (ECF No. 112) is denied as moot;

/////

3

7. Plaintiff's complaint is dismissed without prejudice for failing to exhaust administrative remedies; and

8. The Clerk of Court is directed to close this case.

DATED: March 11, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE